**LANE & NACH, P.C.**
2025 North Third Street, Suite 157
Phoenix, Arizona 85004
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Adam B. Nach – 013622
Email: adam.nach@lane-nach.com
Stuart B. Rodgers – 025720
Email: stuart.rodgers@lane-nach.com

Attorneys for Andrew S. Nemeth, Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ARIZONA**

In re:

JAMES ROBERT JANECKE and KAREN LYNETTE JANECKE,

Debtors.

(Chapter 7 Case)

Case No. 2:11-bk-08927-SSC

**TRUSTEE'S STIPULATED APPLICATION TO COMPROMISE CLAIM [F.R.B.P. 9019]**

Andrew S. Nemeth, Chapter 7 Trustee, and Debtors, by and through their counsel undersigned, herein apply to this Court for an Order authorizing the parties to compromise a claim of the Estate. In support of this Application, the parties present the following Memorandum of Points and Authorities:

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. FACTUAL BACKGROUND

1. This case was commenced by voluntary petition filed by the Debtors on March 31, 2011.

2. Andrew S. Nemeth is the duly qualified and acting Trustee in this case ("Trustee").

3. Among the assets of this Estate is a claim to the Debtors' interest in Annuity Contract #K3822985 ("Annuity"). Trustee contends that the Annuity is property of this Estate pursuant to 11 U.S.C. § 541 ("Claim").

4. Debtors allege that the Annuity is fully exempt pursuant to A.R.S. §33-1126(A)(7), and that the Annuity is not property of this Estate pursuant to 11 U.S.C. § 541.

II. AGREEMENT BETWEEN THE PARTIES

5. The Trustee has received an offer from the Debtors to settle the Claim. Upon information and belief, the Debtors receive monthly distributions from their Annuity in the amount of $1,361.18. The

Debtors have agreed to remit monthly payments in the amount of 63.63% of the monthly distributions from the Annuity, or $866.12, whichever amount is greater, to the Estate ("Settlement Amount"), in order to settle the Estate's interest in: (i) the Claim, (ii) scheduled non-exempt assets, and (iii) any and all other disclosed issues, subject to Court approval.

6. Debtors agree to remit monthly payments in the amount of 63.63% of the monthly distributions received from the Annuity, or $866.12, whichever amount is greater, for the lesser of sixty (60) months or until such time that the Trustee advises, in writing, that sufficient funds have been received to allow for a distribution to creditors and closing of the Estate.

7. The first installment shall be received by the Trustee on or before August 15, 2011, with each subsequent payment to be received on or before the 15th day of each month thereafter. If the 15th should fall on a weekend or holiday, payment is due to the Trustee on the soonest business day prior to the 15th. Any and all amounts due and owing shall be paid on or before July 15, 2016.

8. Trustee agrees that the Debtors shall have the ability to liquidate the Annuity at any time, with any proceeds from the liquidation to be used to pay costs associated with the liquidation of the Annuity and any outstanding balance remaining on the Settlement Amount at the time of liquidation. If the proceeds from the liquidation of the Annuity exceed the amount due and owing on the Settlement Amount, the additional proceeds shall be paid to the Debtors.

9. Debtors agree that if they elect to liquidate the Annuity, they shall provide the Trustee notice of their intent to liquidate not less than ten (10) business days prior to the liquidation of the Annuity.

10. Debtors may also offer to pay the Trustee the full amount of filed claims in a lump sum, once the bar date has run and the total amount of claims is known.

11. Debtors further agree that the failure to timely remit payment to the Trustee will result in the assessment of a $250.00 late charge, and will further constitute a default under the terms of this Settlement.

12. Trustee believes the settlement is appropriate after consideration of all of the circumstances.

13. All funds shall be remitted to "Andrew S. Nemeth, Trustee."

14. This agreement is entered into in reliance upon the representations and information provided by the Debtors to the Trustee and retained in the Estate files maintained by the Trustee for this Estate.

Should the representations and documentation provided by or on behalf of the Debtors to the Trustee later be determined to be materially inaccurate or deficient or that this settlement was based upon information fraudulently delivered or represented by the Debtors, then the Estate shall retain all rights and actions released herein.

III. LEGAL ARGUMENT

The requested relief is authorized by Rule 9019(a) of the Federal Rules of Bankruptcy Procedure which provides as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, the indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

The Trustee, in the exercise of his best business judgment and in consideration of the requirements of *A & C Properties*, 784 F.2d 1377 (9th Cir. 1986), *In re Woodson*, 839, F.2d 610 (9th Cir. 1988), and *In re Schmitt*, 215 B.R. 417 (9th Cir. BAP 1997), believes that the proposed compromise and settlement is an appropriate resolution of this matter.

Bankruptcy courts have broad discretion in approving compromise agreements. *In re Woodson* 839 F.2d at 620. The Court may approve a compromise if it is fair and equitable. Id. In determining the fairness and adequacy of a proposed compromise agreement, the Court should consider the following four factors: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in collection; (3) the complexity of the litigation involved as well as the expense, inconvenience and delay necessarily attendant to the litigation; and (4) the paramount interest of creditors and a proper deference to their reasonable views.

Consideration of these factors does not require the Court to decide questions of law or fact raised in the controversies sought to be settled, or determine that the compromise presented is the best possible outcome. Rather, the Court need only canvass the issues to determine whether the settlement fails "below the lowest point in the zone of reasonableness". *Newman v. Stein*, 464 F.2d 689, 698 (2nd Cir. 1972). cert. denied. 409 U.S. 1039 (1972); see also *In re Pennsylvania Truck*

*Lines, Inc.*, 150 B.R. 595, 598 (Bankr. E.D. Pa. 1992) (holding that a bankruptcy court must consider these factors to see whether the settlement falls below the lowest point in the range of reasonableness.) Accordingly, if the court finds the compromise does not fall below the threshold of reasonableness, the compromise should be approved. *In re Planned Protective Services, Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991).

The Trustee believes the proposed settlement is in the best interest of the creditors and parties-in-interest of this Estate. The settlement provides funds for the benefit of creditors of the Estate while avoiding the uncertainty and costs associated with litigation of the matter.

WHEREFORE, the parties pray for an Order of this Court as follows:

a. Authorizing the Trustee to accept monthly payments in the amount of 63.63% of the monthly distributions from Annuity Contract #K3822985, or $866.12, whichever amount is greater, to the Estate in order to settle the Estate's interest in: (i) the Claim, (ii) scheduled non-exempt assets, and (iii) any and all other disclosed issues against James R. Janecke and Karen L. Janecked; and,

b. For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 28th day of July, 2011.

**LANE & NACH, P.C.**

By /s/ SBR – 025720
Adam B. Nach
Stuart B. Rodgers
Attorneys for Trustee

**THE MOAK LAW FIRM**

By Walter E. Moak
Walter E. Moak
Attorney for Debtors



Lane & Nach, P.C.
2025 North Third Street, Suite 157
Phoenix, AZ 85004

Copy of the foregoing delivered via electronic notification on the 28th day of July, 2011:

Walter E. Moak
The Moak Law Firm
1820 E. Ray Rd.
Chandler, AZ 85225
Email: ecf@themoaklawfirm.com
Attorney for Debtors

Office of the U.S. Trustee
230 North First Ave., Suite 204
Phoenix, AZ 85003-1706
Email: USTPRegion14.PX.ECF@USDOJ.GOV

By /s/ Staci Antrim